**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TIMOTHY R. PULLAR and JENNIFER
A. PULLAR,

        Plaintiffs,

v.                               Case No. 6:13-cv-396-Orl-37GJK

HOME LOAN CENTER, INC. d/b/a
LENDING TREE LOANS; US BANK
NATIONAL ASSOCIATION, as Trustee
for RFMSI 2006-S3; and ANY AND ALL
UNKNOWN PARTIES,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Verified Complaint to Quiet Title (Doc. 2), filed March 11, 2013;

2. U.S. Bank National Association's Motion to Dismiss Complaint to Quiet Title (Doc. 3), filed March 11, 2013;

3. Plaintiffss' [sic] Objection and Opposition to Defendant's, U.S. Bank National Association, as Trustee for RFMSI 2006-S3, Motion to Dismiss (Doc. 17), filed May 7, 2013; and

4. Defendant's Reply to Plaintiff's [sic] Response to Defendant's Motion to Dismiss (Doc. 22), filed May 30, 2013.

Upon consideration, the Court hereby grants Defendant's motion to dismiss.

## BACKGROUND[1]

Plaintiffs own and reside in a house in Seminole County. (Doc. 2, ¶¶ 1–3.) In 2006, they mortgaged the property to Defendant Lending Tree Loans in exchange for a $560,000 note secured by the property. (Doc. 2-1, pp. 5–17.) The mortgage incorporated the note by reference. (*Id.* at 5; *see also* Doc. 3-1, p. 4.) The mortgage was recorded. (Doc. 2, ¶ 4.)

Plaintiffs dispute that they received the $560,000 loan. (*Id.* ¶ 5.) They allege that they repeatedly sent letters demanding that Lending Tree prove that it lent money to Plaintiffs, to which Lending Tree did not respond. (*Id.* ¶¶ 5–6.)

In 2012, Lending Tree assigned the mortgage to Defendant U.S. Bank. (Doc. 2-3, p. 2.) U.S. Bank has apparently initiated foreclosure on the property. (*See* Doc. 10.)

Plaintiffs, proceeding *pro se*, then filed this suit in state court to quiet their title to the property. (Doc. 2.) The case was removed to this Court pursuant to diversity jurisdiction. (Doc. 1.) U.S. Bank now moves to dismiss the Complaint. (Doc. 3.) Plaintiffs responded. (Doc. 17.) U.S. Bank replied. (Doc. 22.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss a complaint, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint

---

[1] The following factual allegations, drawn from the Complaint, are accepted as true for the purpose of considering the instant motion and are construed in the light most favorable to Plaintiffs. *See Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).

2

must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

To state a claim for quiet title, Plaintiffs must show that: (1) they have title to the subject property; and (2) there is a cloud on the title. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). They must also demonstrate that the cloud—that is, Defendants' claim to the title—is invalid. *Id.* Plaintiffs have not done so here. All they have demonstrated is that there was a valid mortgage (Doc. 2-1), incorporating by reference a valid note (Doc. 3-1), which was later validly assigned to U.S. Bank (Doc. 2-3).

While difficult to comprehend,[2] the thrust of Plaintiffs' arguments in opposition to the motion to dismiss appears to be that: (1) the mortgage and note are invalid because Defendants did not respond to Plaintiffs' demand letters (Doc. 17, ¶¶ 24–25); and (2) the assignment is invalid because securitization separated the mortgage from the note (*id.* ¶¶ 40–53). Neither of these arguments is well-taken.

The allegation that Defendants did not respond to Plaintiffs' letters demanding that Defendants prove their claims to the property, even accepted as true, does nothing to demonstrate that the mortgage and note are invalid. The mortgage, which Plaintiffs attached to their Complaint, is signed by both Plaintiffs. (Doc. 2-1, p. 16.) The mortgage incorporates by reference the note. (*Id.* at 5.) The note is also signed by both Plaintiffs.

---

[2] Any arguments raised by Plaintiffs that are not addressed in this Order were patently frivolous or unsupported.

3

(Doc. 3-1, p. 6.) The mortgage is recorded. (Doc. 2, ¶ 4.) Plaintiffs cite to no law demonstrating why the failure to respond to Plaintiffs' demand letters would invalidate a signed, recorded mortgage. Plaintiffs' argument is therefore both unsupported and insupportable. *See Barrios v. Regions Bank*, No. 5:13-cv-29, Doc. 31, pp. 3–4 (M.D. Fla. Mar. 29, 2013) (Conway, C.J.) (calling a similar argument "frivolous").

Plaintiffs' argument that securitization separated the mortgage and the note, rendering them unenforceable, is similarly unavailing. Plaintiffs allege that the note was transferred into the trust for which U.S. Bank is trustee for the purpose of "securitization," thereby making the "note holder disappear." (Doc. 17, ¶¶ 40–53.) Nevertheless, a transfer of the note carries with it the transfer of the mortgage. *Johns v. Gillian*, 184 So. 140, 143 (Fla. 1938) ("If the note . . . be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties."); *Taylor v. Bayview Loan Servicing, LLC*, 74 So. 3d 1115, 1118 (Fla. 2d DCA 2011) ("[The assignee] also became the equitable owner of the mortgage when [the assignor] endorsed the note to [the assignee] because the ownership of the mortgage followed the note."). Further, the mortgage was formally assigned to U.S. Bank in August 2012. (Doc. 2-3, p. 2.) "Any form of assignment of a mortgage, which transfers the real and beneficial interest in the securities unconditionally to the assignee, will entitle him to maintain an action for foreclosure." *Johns*, 184 So. at 143. Therefore, whether and when securitization occurred is irrelevant. U.S. Bank now holds both the note and the mortgage and thus a valid claim to title. *See Rhodes v. JPMorgan Chase Bank, N.A.*, No. 12-80368-CIV, 2012 WL 5411062, at *4 (S.D. Fla. Nov. 6, 2012) (noting that securitization did not deprive the

4

defendant loan servicer of its interest in the note and ability to foreclose).

As Plaintiffs have not sufficiently established that Defendants' claims to title are invalid, they have not adequately stated a quiet title claim. Thus, the motion to dismiss is due to be granted. Furthermore, the exhibits attached and central to the Complaint plainly contradict Plaintiffs' conclusory legal allegations and demonstrate that Plaintiffs are not plausibly entitled to relief on the theories set forth in the Complaint. Therefore, this dismissal is with prejudice. *See Thompson-Warren v. SunTrust Mortg., Inc.*, No. 6:13-cv-149, Doc. 17, p. 5 (M.D. Fla. Apr. 2, 2013) (Sharp, J.) (dismissing similar *pro se* quiet title case with prejudice); *Roder v. RH Funding Co.*, No. 6:12-cv-1076-Orl-36KRS, 2012 WL 6799690, at *4–5 (M.D. Fla. Dec. 10, 2012) (Spaulding, M.J.) (recommending dismissal with prejudice on similar facts).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Bank National Association's Motion to Dismiss Complaint to Quiet Title (Doc. 3) is **GRANTED**.

2. Plaintiffs' Verified Complaint to Quiet Title (Doc. 2) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Parties